**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**AL COSSEY**                                                                                                      **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO.1:05CV688 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY
and FELECIA CRAFT-PALMER**                                               **DEFENDANTS**

**MEMORANDUM OPINION**

The Court has before it Plaintiff Al Cossey's (Cossey) motion [5] to remand. For the reasons set out below, this motion will be granted.

This case was removed on alternative grounds of federal question jurisdiction under the National Flood Insurance Act and diversity, based on the allegation that Felecia Craft-Palmer (Palmer) was misjoined or fraudulently joined as a defendant. I will consider each of the grounds for removal in turn.

This is an action to recover insurance benefits for property damage sustained during Hurricane Katrina. The property in question was insured under two policies issued by State Farm Fire and Casualty Insurance Company (State Farm). One is a flood policy issued under the National Flood Insurance Act (the flood policy), and the other is a homeowners policy. Defendant Palmer was the local agent who sold these policies to Cossey. The two policies provided the following coverages:

| Type of Policy | Dwelling Coverage | Other Structures Coverage | Personal Property Coverage |
|---|---|---|---|
| Flood | $125,000 | 0 | $50,000 |
| Homeowners | $130,500 | $13,050 | $97,875 |

Plaintiff has collected the policy limits of his flood insurance coverage. There remains a dispute over what amount, if any, is owed under the homeowners policy. There is also a claim against Palmer individually, and it is this cause of action that State Farm and Palmer contend to be invalid as a matter of law.

In addressing the merits of this motion to remand, I have considered evidence outside the pleadings, and I will therefore apply the standards of F.R.Civ.P. 56 to determine whether there is any genuine issue of material fact with respect to the plaintiff's claim against Palmer individually and whether Palmer is entitled to judgment as a matter of law.

The allegations of the complaint are sketchy and somewhat cryptic. The plaintiff alleges: "That on or about October, 2004, defendant PALMER while acting as an agent for STATE FARM sold a POLICY [Policy #24-B9-8345-0] of insurance to Plaintiff. During the conversation, Plaintiff was lead to believe by PALMER that STATE FARM's policy would provide coverage for any damage caused to Plaintiff's personal property [content coverage] up to $99,000, with credit given for any flood payment coverage for content including damage from a hurricane by wind, water or storm surge." (Complaint, Second Unnumbered Paragraph)  Cossey also alleges that he did not receive a copy of his policy (presumably his homeowners policy) before the storm.

State Farm policy number 24-B9-8345-0 is the homeowners policy Cossey purchased. The plaintiff goes on to allege storm-related damage to both his personal property and his buildings.  Plaintiff seeks damages of $67,000, and this is approximately the difference between the total coverage provided under the homeowners policy ($241,425) and the total coverage provided (and collected) under the flood policy ($175,000).  The plaintiff also seeks an award of punitive damages.

Cossey has filed his affidavit affirming the truth of the allegations made in his complaint.  This affidavit also refers to an amended complaint, but no amended complaint has been filed or proposed, and I do not find an amended complaint anywhere in the record.  Cossey's affidavit indicates that during October 2004, he discussed certain unspecified errors in the State Farm homeowners policy with Palmer. Cossey also states that, "During those conversations Ms. Palmer and her staff, they told me that my State Farm policy content coverage would be changed and corrected to meet my specifications as we had agreed; and that coverage would pay for any damage caused to my personal property, with credit given for any flood payment coverage for content including damage from a hurricane by wind, water or storm surge." Cossey has affirmed in his affidavit that he did not receive a copy of his insurance policy (presumably the homeowners policy) prior to Hurricane Katrina.

I am required to give the complaint a liberal reading, to assume all of the allegations made in the complaint to be true, and to allow the plaintiff all favorable inferences in support of his claim.  Under the standard that applies to motions for summary judgment, it is up to the party seeking summary judgment to establish not only that there are no genuine issues of material fact, but also that the moving party is entitled to judgment as a matter of law.  Likewise, it is the burden of the removing party to demonstrate that there has been a fraudulent joinder or a misjoinder of the non-diverse defendant.  Thus, fraudulent joinder is an issue on which State Farm and Palmer have the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). This burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000);  *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992).

As I understand the allegations of the complaint and the statements made in Cossey's affidavit, Cossey is contending that he had a conversation with Palmer during October 2004, and that during this conversation he requested that his homeowners policy be changed to assure that he had contents (personal property) coverage, in the event of flood damage, up to the homeowners policy limit of $97,875. According to the allegations of the complaint and Cossey's affidavit, Cossey believed that he and Palmer had agreed that one of his State Farm policies would be "changed and corrected" to provide contents coverage (for flood damage) of $97,875. Since there is no specific complaint about the limits of coverage Palmer secured for Cossey on the flood policy, Cossey appears to have believed that his homeowners policy would be "changed and corrected" to provide excess flood coverage up to the homeowners policy limit of $97,875, with his flood policy limit for contents coverage ($50,000) being the primary layer of coverage. It is this misunderstanding that I believe to be the foundation of Cossey's claim against Palmer. According to my reading of Cossey's affidavit, Cossey alleges that Palmer agreed to secure the additional coverage Cossey was requesting, i.e. coverage for his personal property in the amount of $97,875 payable whether the damage was caused by flooding or by wind. This is the understanding Cossey claims to have had when he finished this conversation with Palmer.

The State Farm homeowners policy contains a flood damage exclusion, and, under the terms of that policy, flood damage to Cossey's personal property is not a covered loss. This is true whether the homeowners policy were the only policy in effect at the time of the storm or one that was written along with a flood policy. If Cossey wanted Palmer to increase the flood damage coverage for his personal property, she could not have accomplished that by changing any coverage provided under Cossey's homeowners policy. In order to secure this additional coverage, Palmer would have been required to increase the policy limit for damage to personal property under the flood policy. Because of the water damage exclusion in the homeowners policy, it did not provide the excess coverage Cossey indicates he expected.

The defendants deny the substance of Cossey's allegations, and they contend that Cossey was simply underinsured for the losses caused by water damage during the storm. State Farm relies on the terms of the homeowners policy to deny coverage for property damage caused by flooding (above the policy limits of the flood policy).

Palmer owed Cossey a duty of reasonable care. Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). It would have been Palmer's duty, if the 2004 conversation took place as Cossey describes, to accurately explain the differences between the coverages under the flood policy and the homeowners policy and to procure $97,875 in flood coverage (for contents) if that is in fact what Cossey requested.

Thus, if Cossey can prove that he requested coverage for his personal property in the amount of $97,875 payable whether the damage was caused by flooding or by wind, and if Cossey can prove that Palmer agreed to procure that coverage (which she could only have done by increasing Cossey's flood insurance policy limits for personal property from $50,000 to $97,875, the same personal property damage limit that is reflected in Cossey's homeowners policy) and that Palmer negligently failed to obtain that coverage, Cossey may state a cause of action against Palmer.  These are all big "ifs," and these are all issues on which Cossey has the burden of proof, but they are also fact issues to which Cossey, at this juncture, is entitled to the benefit of the doubt.

The only evidence in the record concerning the conversation between Cossey and Palmer consists of the complaint, Cossey's affidavit, and the representations made on behalf of Palmer and State Farm.  According to Cossey's affidavit, Cossey came away from this 2004 conversation with a misunderstanding concerning the extent of insurance he was purchasing for flood damage to the contents of his property.  If Palmer made no errors in her statements to Cossey about the coverage he was purchasing, and if Palmer purchased the coverage that Cossey requested, then this misunderstanding is not attributable to any negligence on the part of Palmer, and Cossey would have no cause of action against Palmer for negligence.  Deciding the true substance of this conversation is a matter of the merits of Cossey's individual claim against Palmer, and Cossey is entitled to have the merits of this dispute resolved in the state court forum he selected when he filed his complaint.

In the context of a removal based on allegations of fraudulent joinder or misjoinder of a non-diverse party, I am required to accept Cossey's version of the facts and to allow Cossey all favorable inferences in support of his claim against the non-diverse defendant.  Applying this standard, I cannot conclusively say that there are no genuine issues of material fact and that Palmer is entitled to judgment as a matter of law.  Accordingly, I find that this Court does not have subject matter jurisdiction based on diversity of citizenship.  28 U.S.C. §1332.

Nor do I have jurisdiction under 28 U.S.C. §1331.  The policy limits under Cossey's flood policy have been paid, and Cossey has not alleged that any additional benefits are owed under the terms of the flood policy.  With respect to the flood policy, Cossey contends, at most, that Palmer failed to procure the flood coverage he had requested and she had agreed to obtain for him.  The relevant cases draw a sharp distinction between claims based on a failure to procure flood insurance, which are outside the scope of exclusive federal jurisdiction, and claims based on the improper adjustment or administration of existing flood policies, which are within that jurisdictional grant.  Thus this case falls outside the scope of federal question jurisdiction under the National Flood Insurance Act.  *Landry v. State Farm Fire and Casualty Company*, 428 F.Supp2d 531 (E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006).  See Bramlett v. State Farm Fire and Cas. Co., 2006 WL 2243186 (S.D.Miss.2006).

Based on these findings, the plaintiff's motion [5] to remand will be granted. An appropriate order will be entered.

Decided this 13th day of December, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge